# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

CECIL SIPES and BRENDA SIPES, )
)
         Plaintiffs, )
)
vs. )    Case No. 11-CV-305-TCK-TLW
)
GULF STREAM COACH, INC., )
a foreign corporation, )
GASTON MELON RV COLLECTION, )
INC., a foreign corporation, and )
TINKER FEDERAL CREDIT UNION, )
)
         Defendants. )

## OPINION AND ORDER

Before the Court is Defendant Gulf Stream's ("Gulf Stream") Motion to Transfer Venue (Doc. 13) and Application for Hearing on Motion to Transfer Venue (Doc. 45)

**I.    Background**

Plaintiffs are citizens of the State of Oklahoma and residents of Muskogee County, Oklahoma. Gulf Stream is a foreign corporation in the business of manufacturing recreational vehicles, based primarily in the State of Indiana but doing business in Oklahoma. Defendant Gaston Melon RV Collections, Inc. ("Gaston Melon") is a foreign corporation in the business of selling recreational vehicles. At all times relevant to this suit, Gaston Melon maintained a lot in Claremore, Oklahoma.

Plaintiffs are co-owners of a recreational vehicle manufactured by Gulf Stream ("RV"). In February 2010, Plaintiffs purchased the RV from Gaston Melon in Claremore, Oklahoma pursuant to a written contract.[1] In conjunction with the sale of the RV, Plaintiffs executed certain documents.

---

[1] The purchase was financed through Tinker Federal Credit Union ("TFCU"). Plaintiffs initially brought suit against TFCU but subsequently dismissed all claims against it. (*See* Doc.

Specifically, Plaintiff Brenda Sipes ("Mrs. Sipes") signed a "Gulf Stream Recreational Vehicle Registration Form," which, *inter alia*, certifies that the RV dealer had "explained and/or demonstrated" the RV's systems, appliances, components, and all warranties. (*See* Ex. 1 to Gulf Stream's Mot. to Transfer at 1.) This document also states that Mrs. Sipes received the RV's Motorized Limited Warranty ("Limited Warranty") and agreed to comply with its terms. (*See id.*) Plaintiff Cecil Sipes ("Mr. Sipes") signed a "PDI Checklist," (*see id.* at 2), and the Limited Warranty, (*see* Ex. 2 to Gulf Stream's Mot. to Transfer). The Limited Warranty provides as follows:

> Exclusive jurisdiction for deciding any claims, demands or causes of action for defects or representations of any nature or damages due from such defects or representations shall be in the courts in the State of Manufacture. The laws applicable to any litigation, dispute, mediation, arbitration or any claim whatsoever arising from the sale, purchase, or use of the recreational vehicle shall be those of the State of Manufacture. The State of Manufacture of the recreational vehicle is Indiana.

(Ex. 2 to Gulf Stream's Mot. to Transfer at 3 ("Forum Selection Clause").) Further, the following provision is located directly above Mr. Sipes' signature in the Limited Warranty:

> I/WE HEREBY ACKNOWLEDGE THAT I/WE HAVE READ AND RECEIVED THIS LIMITED WARRANTY PRIOR TO ENTERING INTO ANY CONTRACT TO PURCHASE MY/OUR GULF STREAM RECREATIONAL VEHICLE AND AGREE TO ABIDE BY ALL OF ITS TERMS AND PROVISIONS INCLUDING, BUT NOT LIMITED TO, THE DISCLAIMER OF ALL OTHER EXPRESS AND IMPLIED WARRANTIES, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, TO THE EXTENT APPLICABLE LAW ALLOWS, AND THE PROVISIONS HEREOF PROVIDING THAT THE *EXCLUSIVE JURISDICTION FOR ANY CLAIMS WHATSOEVER SHALL BE IN THE COURTS IN THE STATE OF MANUFACTURE AND THAT THE APPLICABLE LAW SHALL BE THE LAW OF THE STATE OF MANUFACTURE.*

(*Id.* (emphasis added).)

---

15.)

In their Petition, Plaintiffs claim that the RV was defective in nature and that they put Gulf Stream and Gaston Melon on notice of such defects, including defects under the RV's express and implied warranties. Because of these defects, Plaintiffs allege that Gulf Stream and Gaston Melon

> have breached their implied and express contract with Plaintiffs; have violated Oklahoma's Lemon Law; have breached implied and express warranties created by virtue of the sale of the RV; have failed to comply with the obligations imposed upon them by virtue of written and implied warranties and contractual obligations to the plaintiffs; have violated the Magnuson-Moss Federal Trade Commission Improvement Act; have violated the Oklahoma Consumer Protection Act by making false and misleading representations and engaging in deceptive trade practices by selling an RV that had defects that were known or should have been known to the Defendants, without advising the purchasers of said defects; have committed fraud in the sale of the RV to the [P]laintiffs by failing to disclose its complete history and defects and representing the RV as new and fit for use as it was intended.

(Pet. ¶ 15.) Gulf Stream moved to transfer this action to the United States District Court for the Northern District of Indiana, South Bend Division, pursuant to the Forum Selection Clause. Subsequent to the filing of the Motion to Transfer, Gaston Melon consented to and joined Gulf Stream's motion.[2]

**II. Discussion**

A forum selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992). "[A] party resisting enforcement [of a forum selection provision] carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances."

---

[2] Gaston Melon and Gulf Stream will hereinafter be referred to as "Defendants." Further, because Gaston Melon has consented to and joined the Motion to Transfer, the Court will refer to the arguments therein as made by both Defendants.

3

*Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992).[3]

The Tenth Circuit has found that forum selection clauses are either classified as "mandatory or permissive." *Excell, Inc.*, 106 F.3d at 321. A mandatory forum selection clause contains "clear language showing that jurisdiction is appropriate only in the designated forum." *Id*. (providing the following example of a mandatory forum selection clause: "venue for any dispute arising under or in relation to this contract shall lie only in the Seller's state and county"). A permissive forum selection clause, in contrast, "authorizes jurisdiction in a designated forum, but do[es] not prohibit jurisdiction elsewhere." *Id.* (providing the following example of a permissive forum selection clause: "The parties agree that in the event of litigation between them, Franchise Owner stipulates that the courts of the State of Michigan shall have personal jurisdiction over its person, that it shall submit to such personal jurisdiction, and that venue is proper in Michigan"). The Forum Selection Clause in this case state that the "*[e]xclusive* jurisdiction . . . shall be in the courts in the State of Manufacture [Indiana]." (Ex. 2 to Gulf Stream's Mot. to Transfer at 3.) The Court finds that such language constitutes a mandatory forum selection clause, as it clearly indicates that jurisdiction is *only* appropriate in Indiana. *See Pure Energy Club, LLC v. JP Williams*, No. 1:10-CV-74 TS, 2011 WL 2579757, at *4 (D. Utah June 28, 2011) (finding forum selection clause to be "mandatory" when

---

[3] The parties have not provided a choice of law analysis regarding what law governs the determination of the validity and enforcement of the forum selection provision. As noted in *Mann v. Automobile Protection Corporation*, 777 F. Supp. 2d 1234 (D.N.M. 2011), this issue "is not settled in the Tenth Circuit." *Id.* at 1239 (citing *Excell, Inc. v. Sterling Boiler & Mech., Inc*., 106 F.3d 318, 320 (10th Cir. 1997) (declining to decide the issue of whether state or federal law applies because "there are no material discrepancies between Colorado law and federal common law in these matters")). In this case, the Court has failed to identify any material differences between Oklahoma law, Indiana law, and federal common law. The Court therefore applies federal common law. *See Mann*, 777 F. Supp. 2d at 1239 (relying on federal common law to determine validity and enforcement of forum selection clause when there was no difference between federal common law and law of states at issue).

it provided that "jurisdiction and venue shall lie *exclusively* before the State or Federal Courts residing in Davis County or Salt Lake County, State of Utah").

Defendants seek transfer of this case to the United States District Court for the Northern District of Indiana, South Bend Division, pursuant to the Forum Selection Clause. Plaintiffs object to such transfer, arguing as follows: (1) because Mrs. Sipes did not sign the Limited Warranty, she cannot be bound by the Forum Selection Clause; (2) it would be inconvenient for Plaintiffs to litigate their claims in Indiana; (3) the Forum Selection Clause should be voided because the parties were in unequal bargaining positions; and (4) the Forum Selection Clause does not apply to Plaintiffs' non-contract claims.

### A.     Failure of Mrs. Sipes to Sign Limited Warranty

Plaintiffs argue that because Mrs. Sipes did not sign the Limited Warranty, "[Mrs. Sipes'] claims cannot be transferred under the exclusive jurisdiction clause relied upon by the Defendant[s]." (Pl.'s Supp. in Resp. in Opp'n to Mot. to Transfer 1.) The Court finds this contention unavailing. First, Plaintiffs fail to offer any legal support for this argument, and, as pointed out by Defendants, courts have found that non-signatories can be bound to a forum selection clause pursuant to the "closely related" doctrine. Specifically, "the 'closely related' doctrine binds nonsignatory parties to the forum or venue selection clause of a contract where it was foreseeable, based on their involvement in or proximity to the transaction, that the clause might have application to disputes arising under the agreement that also involved that party." *Transp. Alliance Bank, Inc. v. Arrow Trucking Co.*, 766 F. Supp. 2d 1188, 1197 (N.D. Okla. 2011) (citing *Firefly Equities, LLC v. Ultimate Combustion Co.*, 736 F. Supp. 2d 797 (S.D.N.Y. 2010)). In this case, Mrs. Sipes is a joint owner of the RV and, as such, is a third-party beneficiary of the Limited Warranty. The Court

concludes that it was foreseeable, given Mrs. Sipes' ownership interest in the RV, that the Forum Selection Clause "might have application to disputes arising under the agreement that also involved [her]." *Transp. Alliance Bank, Inc.*, 766 F. Supp. 2d at 1197. Second, even without application of the "closely related" doctrine, the Court finds Plaintiffs' argument unfounded because Mrs. Sipes signed the registration form, which, *inter alia*, stated that she acknowledged receipt of the RV's Limited Warranty and agreed to comply with its terms. Given her execution of such document, Mrs. Sipes arguably bound herself to the terms of the Limited Warranty, including the Forum Selection Clause.

### B. Inconvenience of Litigating in Indiana

Plaintiffs also argue that the Forum Selection Clause should be voided as unreasonable because transfer of the case to Indiana would be inconvenient for Plaintiffs. "Mere inconvenience, [however], does not justify non-enforcement of a forum-selection clause." *Mann*, 777 F. Supp. 2d at 1240 (internal citations and quotations omitted). "To overcome the presumption that a forum selection clause is valid, a party must make 'a showing of inconvenience so serious as to foreclose a remedy, perhaps coupled with a showing of bad faith, overreaching or lack of notice.'" *Id.* (citing *Riley*, 969 F.2d at 958).

The Court finds that Plaintiffs have not made this showing. First, since Gaston Melon has now consented to and joined in the Motion to Transfer, Plaintiffs do not face litigating their claims in two lawsuits in two different states, rendering moot Plaintiffs' arguments in this regard. Further, although Plaintiffs assert that transfer would "place an undue and unreasonable burden" upon them, (Pls.' Resp. to Mot. to Transfer 3), they provide no supporting information or argument as to how they will be burdened — much less demonstrate that transfer would foreclose a remedy for them.

For these reasons, the Court finds that Plaintiffs have not met the burden of showing that enforcement of the Forum Selection Clause would be unreasonable and unjust under the circumstances.

### C. Bargaining Positions of Parties

Plaintiffs further argue that the Forum Selection Clause should be voided by the Court because it was not a bargained-for exchange. Plaintiffs do not cite any fraud or overreaching by Defendants in relation to the execution of the Limited Warranty, but merely argue that "[P]laintiffs are individual consumers without the resources of an experienced dealer or business." (*Id.* 4.) The Court rejects this argument, as "unequal bargaining position and form contracts do not invalidate forum selection provisions." *Mann*, 777 F. Supp. 2d at 1240 (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593–94 (1991) (enforcing a forum selection provision found in the form contract attached to a Carnival Cruise Line ticket); *Milk 'N' More*, 963 F.2d 1342 (enforcing forum selection provision against individual who entered into a contract with a corporation); *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 221 n. 26 (5th Cir. 1998) (holding that a forum selection provision was enforceable even when the parties did not negotiate for the provision)). Simply stated, the mere fact that Plaintiffs are individual consumers, as opposed to an "experienced dealer or business," does not render the Forum Selection Clause moot. *See Mann*, 777 F. Supp. 2d at 1240 (noting that "[t]he fact that [p]laintiff is an individual and the contract was presented to him as a form contract does not invalidate the forum selection provision"). The Court therefore rejects Plaintiffs' contention that the Forum Selection Provision should be voided due to the unequal bargaining power of the parties.

**D. Scope of Forum Selection Clause**

Finally, Plaintiffs argue that, if found valid, the scope of the Forum Selection Clause does not extend to Plaintiffs' claims under the Magnuson-Moss Warranty Act, claims under the Oklahoma Consumer Protection Act, or fraud claim. (*See* Pl.'s Resp. to Mot. to Transfer 6.) Defendants, on the other hand, contend that all of Plaintiffs' claims arise from the same set of facts and circumstances and should therefore be tried in the contracted-for forum.

In determining whether non-contract claims fall within the scope of a forum selection clause, courts have looked at whether "the provision is construed to cover such claims or [such] claims involve the same operative facts as a parallel breach of contract claim." *T.D. Williamson, Inc. v. Plant Servs., Inc.*, 06-CV-0089, 2006 WL 3085608, at *4 (N.D. Okla. Oct. 27, 2006) (finding plaintiff's tort and statutory claims to fall within scope of forum selection clause when all claims related to the underlying employment agreement and involved same facts) (citing *Cobank ACB v. Reorganized Farmers Co-op, Ass'n*, 170 Fed. Appx. 559, 567 (10th Cir. 2006)); *see ADT Sec. Servs., Inc. v. Apex Alarm, LLC*, 430 F. Supp. 2d 1199, 1204 (D. Colo. 2006) ("Non-contract claims that involve the same operative facts as a parallel breach of contract claim fall within the scope of a forum selection clause.") (citing, *inter alia*, *Lambert v. Kysar*, 983 F.2d 1110, 1121 (1st Cir. 1993)). In this case, all of Plaintiffs' claims are based on the alleged defects to the RV and the alleged misrepresentations by Defendants regarding such defects. All of the claims therefore "involve the same operative facts" and should be tried together in the forum specified by the Forum Selection Clause. *See Mann*, 777 F. Supp. 2d at 1243 (finding all of plaintiff's claims fell within the forum selection clause when they "invove[d] the same operative facts"). This conclusion is further supported by the language of the Limited Warranty, which clearly suggests that the Forum Selection

Clause is broad enough to include Plaintiffs' non-contract claims. (*See* Ex. 2 to Gulf Stream's Mot. to Transfer at 3 (stating that "[e]xclusive jurisdiction for deciding *any* claims, demands or causes of action for defects or representations *of any nature* . . . shall be in the courts in the State of Manufacture") (additionally stating that "THE EXCLUSIVE JURISDICTION *FOR ANY CLAIMS WHATSOEVER* SHALL BE IN THE COURTS IN THE STATE OF MANUFACTURE" (emphases added).) For these reasons, the Court finds that the Forum Selection Clause extends to all of Plaintiffs' claims.

### III. Conclusion

For the reasons outlined herein, Gulf Stream's Motion to Transfer Venue (Doc. 13) is GRANTED and Gulf Stream's Application for Hearing on Motion to Transfer Venue (Doc. 45) is DENIED AS MOOT. IT IS FURTHER ORDERED that the Court Clerk is directed to transfer this case to the United States District Court for the Northern District of Indiana, South Bend Division.

**SO ORDERED this 20th day of March, 2012.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**TERENCE C. KERN**
**United States District Judge**